IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARL MCWILLIAMS,** | : | **CIVIL NO. 1:11-CV-1786** |
| | : | |
| Petitioner, | : | **(Judge Caldwell)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOSEPH MAZURKIEWICZ, et al.,** | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

State prisoners who turn to the federal courts seeking habeas corpus relief are often called upon to chart a careful course between competing procedural shoals. Prisoners who file prematurely may run afoul of one of the statutory prerequisites to a state prisoner seeking habeas corpus relief in federal court, "exhaust[ion of] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Prisoners who delay in filing may find that the one-year statute of limitations applicable to habeas petitions under 28 U.S.C. §2244, now bars their access to federal court. Thus, prisoners often must endeavor to steer a course between the Scylla of §2254's exhaustion requirement and the Charybdis of the bar of the statute of limitations.

The instant petition presents us with one state inmate's efforts to avoid these procedural shoals. The Petitioner, Carl McWilliams, has filed a federal habeas corpus petition near what he calculates to be the verge of the one-year statute of limitations

deadline. McWilliams acknowledges that his petition is unexhausted, since he is still completing state litigation, but urges us to accept this petition, and stay further proceedings pending completion of his state litigation. (Docs. 1 and 14)

This request for stay has been fully addressed by the parties, (Docs. 1, 14 and 15), and is, therefore, ripe for resolution. On the unique facts of this case, we believe that McWilliams has charted a true course through these competing procedural shoals. Therefore, we recommend that this petition be stayed pending conclusion of McWilliams' state litigation.

## II.  Statement of Facts and of the Case

With respect to this petition the undisputed facts reveal the following:

On July 20, 2005, Carl McWilliams, was sentenced to 494 to 988 months imprisonment following his conviction on a array of charges relating to sexual contact with minors. McWilliams appealed this conviction, in a direct appeal that concluded December 28, 2005. Ten and one-half months later, on November 9, 2006, McWilliams, filed a motion for post-conviction relief in the Court of Common Pleas of Centre County. That motion was denied on May 6, 2010.

What then ensued procedurally is cloaked in some confusion. It appears that on March 11, 2011, McWilliams filed a notice of appeal with the Pennsylvania Superior Court, appealing from the denial of this PCRA petition. Subsequently,

McWilliams filed a second state PCRA petition on September 7, 2011, which sought relief in the form of an order which would unambiguously re-instate his appellate rights and permit an appeal from the denial of his first PCRA petition.  Thus, it appears that McWilliams is currently litigating in the state courts the issue of whether he has timely appealed this state trial court PCRA denial decision.

While he was engaging in this state court litigation in an effort to exhaust his PCRA relief through reinstatement of these state appellate rights, McWilliams also filed a federal habeas corpus petition. (Doc. 1)  McWilliams candidly acknowledges that this petition is not exhausted, but voiced a concern that AEDPA's statute of limitations might bar him from pursuing federal habeas corpus relief if he did not prophylactically file this petition and seek a stay.

We directed the Respondents to address McWilliams' request for a stay.  The Commonwealth's response reflects that McWilliams' concerns regarding the statute of limitations and exhaustion are well-founded, since the Commonwealth agrees that McWilliams' petition is unexhausted, but also expresses the view that McWilliams may already be barred from proceeding into federal court due to the one-year statute of limitations imposed on federal habeas petitioners by 28 U.S.C. §2244.

Thus, while the parties dispute aspects of this petition, both the Petitioner and the Respondents agree that McWilliams' federal habeas corpus petition may be in

great peril under AEDPA's one-year statute of limitations. Accordingly, upon consideration of the unique, and uniquely compelling, facts of this case, for the reasons set forth below, it is recommended that further proceedings in this case be stayed, and held in abeyance, pending completion of the related state court litigation on McWilliams' PCRA petition.

### III. Discussion

#### A. State Prisoner Habeas Relief–The Legal Standard

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> **(A)** the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

### (1.) Substantive Standards For Habeas Petitions

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

### (2.)   Procedural Thresholds for Section 2254 Petitions

### (a.)   Exhaustion of State Remedies.

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker

v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," Picard v. Connor, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. Evans, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that

claim. See <u>Dye v. Hofbauer</u>, 546 U.S. 1(2005) (per curiam); <u>Johnson v. Pinchak</u>, 392 F.3d 551, 556 (3d Cir. 2004).

Oftentimes, these petitions may either contain wholly unexhausted claims or contain what are referred to as "mixed" claims: petitions with both exhausted and unexhausted claims. In such instances, the court has several courses available to it. First, the court can dismiss the petition without prejudice, so that the petitioner can either return to state court and totally exhaust his claims, or proceed in federal court on a petition which raises only wholly exhausted issues. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). This total exhaustion approach facilitates the important goals of federalism and comity that are essential to the exhaustion rule, and allows for complete legal and factual development of these cases in the state legal system before petitions are presented in federal court.

However, because strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners who may be unable to fully exhaust state remedies on petitions before the one-year statute of limitations prescribed for state habeas petitions elapses, the courts have adopted another procedure which may be employed in a limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

Yet, while granting a stay and abeyance is an available procedure, it is not a preferred course of action in these cases. Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has held that:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. at 277. Therefore, in order to qualify for a stay and abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

### B. McWilliams' Petition Should be Stayed and Held in Abeyance Pending The Completion of McWilliams' State PCRA Proceedings

These settled legal tenets dictate the outcome in this case. At the outset, it is evident that the exhaustion doctrine applies to this case since McWilliams' federal habeas petition clearly contains legal claims as to which he has not yet exhausted his state legal remedies. Indeed, all parties concede that this petition is not exhausted. Thus, McWilliams' federal pleading is the very model of an unexhausted petition

which the court ordinarily should dismiss without prejudice, so that he can either return to state court and totally exhaust these claims, or proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982). McWilliams can avoid the sanction of dismissal, and secure a stay, only if he can "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009). Mindful of the fact that "stay and abeyance should be available only in limited circumstances," Rhines v. Weber, 544 U.S. at 277, we recommend that the Court find that McWilliams is entitled to a stay pending litigation of these state claims.

Our recommendation that this action be stayed, rather than dismissed, is shaped in large measure by our concern that "good cause" exists for the entry of a stay in this case. The stay and abeyance procedure adopted by the Supreme Court in Rhines was intended to avoid unfair prejudice to habeas petitioners in those limited cases where completion of the habeas exhaustion requirement might result in an untimely federal petition under the one-year statute of limitations which applies to state habeas actions under 28 U.S.C. § 2244. Given the concerns which motivate this limited stay and abeyance policy, "good cause" typically requires a showing that requiring exhaustion

may result in a prisoner's petition being time-barred under § 2244. See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

In this case, we have grave concern that a dismissal of this unexhausted petition could result in the statute of limitations ultimately barring litigation of these claims on their merits once McWilliams has properly exhausted his state remedies. The danger which the statute of limitations presents to this particular *pro se* litigant can be readily illustrated by a brief consideration of how the statute of limitations would apply to this case. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 established a one-year statute of limitations on the filing of habeas petitions by state prisoners. In pertinent part, § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections 145 F.3d 616, 617 (3d Cir.1998).

The calculation of this limitations period is governed by a series of well-defined rules. In part, these rules are prescribed by statute, specifically 28 U.S.C. § 2244(d)(1) and (2), which provide that: (1) the statute of limitations begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; and (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In assessing § 2244(d)'s tolling provision relating to the time when a case is "pending" state review, it is also clear that "the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz, 204 F.3d at 424. Thus, the courts have construed this tolling provision in a forgiving fashion, one which enables petitioners to toll their filing

deadlines for the time periods in which they could have sought further appellate review of their cases.

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; Miller, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling. Id. at 618-19. Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. As the United States Court of Appeals for the Third Circuit has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted). Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling: if
>
> (1) the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

<u>Fahy v. Horn,</u> 240 F.3d 239, 244 (3d Cir. 2001) <u>citing</u> <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Applying these principles, it is apparent that McWilliams faces grave risks that the one-year statute of limitations will preclude him from having this petition considered on its merits if this case is dismissed rather than stayed. Indeed, these risks are graphically underscored by the Commonwealth's response which asserts that McWilliams' petition is unexhausted, but also alleges that McWilliams is already barred from proceeding into federal court due to the one-year statute of limitations imposed on federal habeas petitioners by 28 U.S.C. §2244.

While we need not determine this statute of limitations issue at this time, and do not reach the ultimate merits of this issue, suffice it to say that the parties' positions amply illustrate that there is "good cause" justifying a stay in this case since, when § 2244's statutory tolling provisions are fully considered, at a minimum McWilliams' federal habeas petition is perilously close to AEDPA's one-year statute of limitations. Therefore, dismissal of this petition without prejudice to McWilliams fully exhausting his state remedies would only further imperil this petition under the federal statute of limitations, and may bar any further consideration of this matter. Given the statute of limitations concerns that arise here, we find that McWilliams has shown "good cause" justifying a stay and abeyance in this case.

As for the remaining factors which we must consider in deciding whether a stay is appropriate, none of these factors weighs against the entry of a stay in such a compelling way in this case as to overcome the "good cause" that is shown here. In addition to determining whether "good cause" exists for staying this case, we must also examine two other criteria established by the Supreme Court in <u>Rhines</u> for entry of a stay, making a determination regarding whether the petition contains "potentially meritorious claims, and [whether the record shows] a lack of intentionally dilatory litigation tactics." <u>Heleva v. Brooks,</u> 581 F.3d 187, 192 (3d. Cir.2009).

Neither of these factors calls for the denial of a stay in this case, where good cause clearly exists to stay this matter pending completion of the state litigation. On the current, incomplete state court record we cannot say that McWilliams' claims are so completely lacking in merit that a stay is unwarranted. Moreover, we note that those claims entail matters of grave importance to both McWilliams–who faces 494 to 988 months in prison–and the Commonwealth, which has convicted McWilliams of these very serious offenses. Furthermore, our judgment regarding the merits of federal habeas corpus petition will be shaped and informed by the orderly completion of McWilliams' pending state court case. Therefore, it would be premature to make any declaration regarding whether McWilliams' case presents any "potentially

meritorious claims," id., and a stay to allow full litigation of these will enhance our analysis of the merits of this petition, if necessary.

Finally, in this case we cannot find that McWilliams has indulged in "intentionally dilatory litigation tactics." Id. Quite the contrary, McWilliams seems to be diligently attempting to assert his right to seek review of his conviction, both in state courts and now in federal court. Therefore, this factor does not call for denial of a stay, particularly when it is so readily apparent that refusing to stay this case might deny McWilliams any further, meaningful opportunity to have his federal claims heard due to the possible application of AEDPA's one-year statute of limitations to this case if this petition is dismissed rather than stayed.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, motion for stay (Doc. 14), and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be STAYED AND HELD IN ABEYANCE, pending completion of the state PCRA litigation and without prejudice to the Respondents later asserting any available statute of limitations defenses in response to this petition once this stay is vacated. Further, IT IS RECOMMENDED that the parties be required to provide status reports every 90 days on the progress of this state PCRA litigation.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of March 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge